McGREGOR W. SCOTT
United States Attorney
BENJAMIN B. WAGNER
ANNE E. PINGS
Assistant U.S. Attorneys
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2745

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-CR-0343-DFL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | APPLICATION FOR ORDER |
| | ) | REGARDING CRIMINAL FORFEITURE |
| PRASERT SOMSINSAWASDI, | ) | OF PROPERTY IN GOVERNMENT |
| NOY SOMSINSAWASDI, | ) | CUSTODY - 18 U.S.C. § |
| CHAO LEE, | ) | 983(a)(3)(B)(ii)(II) |
| SOUKUANE SAELEE, | ) | |
| MOUANG SAELEE, and | ) | |
| LA SOUKASENE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

 The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

 On or about August 16, 2006, during the execution of federal search warrants federal agents seized the following:

 a. Approximately $25,385 in United States currency seized at the residence of Prasert and Noy Somsinsawasdi at 8452 Almanera Lane, Sacramento, California;

     b.  Approximately $8,940 in United States currency seized from Bank of America bank box #B1307, located at a Bank of America branch at 5744 Stockton Blvd, Sacramento, California, and controlled by Prasert and Noy Somsinsawasdi; and

     c.  The following U.S. Savings Bonds, Series EE, payable to Prasert Somsinsawasdi: (i) two $5,000 bonds, issued 11-19-04, with serial numbers 0006414346 and 0006414347, total face value of $10,000; and (ii) six $1,000 bonds, issued 11-19-04, with sequential serial numbers from 0080955127 through 0080955132, total face value of $6,000, seized at the residence of Prasert and Noy Somsinsawasdi at 8452 Almanera Lane, Sacramento, California.

Hereinafter, the above-referenced assets are collectively referred to as the "seized assets".

     In accordance with 18 U.S.C. § 983(a)(1), the Federal Bureau of Investigation ("FBI") is currently sending notice to all potential claimants of its intent to forfeit the seized assets in a non-judicial forfeiture proceeding, and is causing notice to be published in a newspaper of general circulation.

     Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized assets in a criminal indictment.  On August 24, 2006, the government elected the third option when it filed an Indictment containing a forfeiture allegation concerning the seized assets.  That Indictment is now pending in this Court.

     Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute".  The applicable forfeiture statutes in this case are 18

U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1955(d), 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c). Title 18 U.S.C. § 982(b)(1) incorporates the forfeiture procedures set forth in 21 U.S.C. § 853. That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in government custody, it is not appropriate for a court to issue a seizure warrant directing the government to seize property from itself. In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. However, that provision is not pertinent because there is no need to enjoin the government from disposing of property that the government has taken into its custody for the purpose of forfeiture, and that the government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture. The government contends that this provision applies in circumstances where, as here, the government has already obtained lawful custody of the seized assets pursuant to federal search warrants, and the government seeks to comply with Section 983(a)(3)(B)(ii)(II). Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including FBI and/or the United States Marshals Service, may continue to maintain custody of the seized assets until the criminal case is

concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized assets through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED: 10/02/06                McGREGOR W. SCOTT
                               United States Attorney

                               /s/ Benjamin B. Wagner
                               BENJAMIN B. WAGNER
                               Assistant U.S. Attorney

## ORDER

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the FBI and/or the U.S. Marshals Service, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

   a. Approximately $25,385 in United States currency seized at the residence of Prasert and Noy Somsinsawasdi at 8452 Almanera Lane, Sacramento, California, on August 16, 2006;

   b. Approximately $8,940 in United States currency seized from Bank of America bank box #B1307, located at a Bank of America branch at 5744 Stockton Blvd, Sacramento,

4

California, on August 16, 2006, and controlled by Prasert and Noy Somsinsawasdi; and

c.  The following U.S. Savings Bonds, Series EE, payable to Prasert Somsinsawasdi: (i) two $5,000 bonds, issued 11-19-04, with serial numbers 0006414346 and 0006414347, total face value of $10,000; and (ii) six $1,000 bonds, issued 11-19-04, with sequential serial numbers from 0080955127 through 0080955132, total face value of $6,000, seized at the residence of Prasert and Noy Somsinsawasdi at 8452 Almanera Lane, Sacramento, California, on August 16, 2006.

IT IS SO ORDERED.

DATED: 10/6/2006

_____
**DAVID F. LEVI**
**United States District Judge**

5