IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,                   CR. NO. S-06-0343 DFL (GGH)

      vs.

PRASERT SOMSINSAWASDI,
NOY SOMSINSAWASDI,
CHAO LEE, and
RONNIE AIR PHIMMACHANH,

      Defendants.                <u>ORDER</u>
_____/

        Listed on the calendar for January 3, 2006, before the undersigned were the four defendants in this case.  Three of the defendants had required interpreters in the past.  It so happened that one of the defendants appearing on calendar had earlier pled before the district judge; nevertheless, this defendant remained on the undersigned's calendar.  At the last moment, defense counsel for the other two defendants, who had previously required interpreters, indicated that their clients understood English sufficiently to proceed to arraignment on the superseding indictment without such assistance.   There are two foreign languages involved in this case, and acquiring interpreters are difficult due to their scarcity in the languages involved.

        None of the defense counsel contacted the court interpreter to relate that interpretive services would not be necessary for the undersigned's calendar.  As a result, for the

1

1  defendant who had pled earlier, the court interpreter reserved an interpreter for the afternoon
2  appearance which was totally unnecessary.  Also, thinking that the other two defendants who had
3  previously required interpreters would have to continue their appearances (because their
4  interpreter was not available as no notice had been given), the court interpreter reserved an
5  interpreter for the next day.

6  As a result, two interpreters were paid for nothing.[1]  And, the court interpreter
7  spent hours attempting to arrange for the needed interpreters.  The fault herein lies with defense
8  counsel who have the obligation under the local rule to notify the court interpreter when
9  appearances are removed from calendar, and the duty to request interpreters in the first place
10 when matters are placed on calendar.  See E.D. Cal. Local Rule 5-403.[2]

11 Therefore, in lieu of assessing defense counsel the cost of the interpreters, this one
12 time, the court will permit pertinent defense counsel to call the court interpreter and apologize for
13 the non-notification.  In the future, should further violations of the above rule occur, defense
14 counsel may well be liable for the cost associated with retention of interpreters, both in hard
15 dollars expended and the court interpreter's time.

16 The Clerk shall serve the court interpreter with this order.

17 DATED: 1/4/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

somsinsawasdi.ord

---

24  [1] Once reserved, the interpreter must be paid because the interpreter will have foregone other requested work.

26  [2] The court will not task the court interpreter with divining that appearances should be taken off the undersigned's calendar.

2