McGREGOR W. SCOTT
United States Attorney
BENJAMIN B. WAGNER
ANNE E. PINGS
Assistant U.S. Attorneys
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2745

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>PRASERT SOMSINSAWASDI,<br>NOY SOMSINSAWASDI,<br>CHAO LEE, and<br>RONNIE AIR PHIMMACHANH,<br><br>            Defendants. | 2:06-CR-0343-DFL<br><br>APPLICATION FOR ORDER<br>REGARDING CRIMINAL FORFEITURE<br>OF PROPERTY IN GOVERNMENT<br>CUSTODY - 18 U.S.C. §<br>983(a)(3)(B)(ii)(II) |

     The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter.  The grounds for the motion are as follows:

     On or about August 16, 2006, during the execution of federal search warrants federal agents seized the following:

     a)   Approximately $5,000.00 in U.S. currency seized at the residence of Chao Lee at 3833 Sparrowood Way, Sacramento, California;

    b)  The following U.S. Savings Bonds: (I) one $1,000 Series I bond with serial numbers 6028195 payable to Duke Somsinsawasdi or Noy Somsinsawsdi; (ii) six Series EE $1,000 bonds payable to Duke Somsinsawasdi or Prasert Somsinsawsdi, with serial numbers from 79963113 through 79963715, 80495805, 81135780 and 82564569 total face value of $6,000; and (iii) one $5,000 Series EE bond payable to Duke Somsinsawasdi or Prasert Somsinsawsdi, serial number 6295914, seized at the residence of Prasert and Noy Somsinsawasdi at 8452 Almanera Lane, Sacramento, California;

    c)  Approximately $1,183.00 in U.S. currency seized at the residence of Prasert and Noy Somsinsawasdi at 8452 Almanera Lane, Sacramento, California; and

    d)  Approximately $636.00 in U.S. currency seized at the Air Video store at 565 Eleanor Avenue, Sacramento, California.

    On or about August 16, 2006, Prasert Somsinsawsdi and Noy Somsinsawsdi gave law enforcement agents consent to search their business, Thai Nakorn Restaurant, located at 1180 35th Avenue, Sacramento, California.  Federal agents seized the following during the consent search:

    e)  Approximately $2,340.00 in U.S. currency.

Hereinafter, the above-referenced assets are collectively referred to as the "seized assets".

    In accordance with 18 U.S.C. § 983(a)(1), the Federal Bureau of Investigation ("FBI") sent notice to defendants Prasert Somsinsawsdi, Noy Somsinsawsdi, and Chao Lee of its intent to forfeit the above-listed seized assets, with the exception of asset "d" above, in a non-judicial forfeiture proceeding, and caused that notice to be published in a newspaper of general circulation.

    On or about October 19, 2006, defendant Chao Lee filed a claim contesting the administrative forfeiture of the asset "a" above pursuant to 18 U.S.C. § 983(a)(2).  On or about October 24,

2006, defendants Prasert Somsinsawsdi and Noy Somsinsawsdi filed a claim contesting the administrative forfeiture of the assets "b" and "e" above pursuant to 18 U.S.C. § 983(a)(2).  On or about November 15, 2006, defendants Prasert Somsinsawsdi and Noy Somsinsawsdi filed a claim contesting the administrative forfeiture of the asset "c" above pursuant to 18 U.S.C. § 983(a)(2).

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized assets in a criminal indictment.  On December 14, 2006, the government elected the third option when it filed a Superseding Indictment containing a forfeiture allegation concerning the seized assets.  That Superseding Indictment is now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute".  The applicable forfeiture statutes in this case are 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1955(d), 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c).  Title 18 U.S.C. § 982(b)(1) incorporates the forfeiture procedures set forth in 21 U.S.C. § 853.  That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant.  However, in cases like this one, where the property in question is already in government custody, it is not appropriate

-3-

1  for a court to issue a seizure warrant directing the government
2  to seize property from itself.  In turn, Section 853(e)
3  authorizes the court to issue a restraining order or an
4  injunction to preserve the property for forfeiture.  However,
5  that provision is not pertinent because there is no need to
6  enjoin the government from disposing of property that the
7  government has taken into its custody for the purpose of
8  forfeiture, and that the government intends to preserve for that
9  purpose through the conclusion of the pending criminal case.
10      Finally, Section 853(e)(1) also authorizes a court to "take
11 any other action to preserve the availability of property"
12 subject to forfeiture.  The government contends that this
13 provision applies in circumstances where, as here, the government
14 has already obtained lawful custody of the seized assets pursuant
15 to federal search warrants and a consent search, and the
16 government seeks to comply with Section 983(a)(3)(B)(ii)(II).
17 Thus, all that is required to comply with Section
18 983(a)(3)(B)(ii)(II) is an order from this Court stating that the
19 United States and its agencies, including FBI and/or the United
20 States Marshals Service, may continue to maintain custody of the
21 seized assets until the criminal case is concluded.
22      Accordingly, pursuant to Section 853(e)(1), the United
23 States respectfully moves this court to issue an order directing
24 that the United States may maintain custody of the seized assets
25 //
26 //
27 //
28 //

1  through the conclusion of the pending criminal case, and stating
2  that such order satisfies the requirements of 18 U.S.C.
3  § 983(a)(3)(B)(ii)(II).

>                                McGREGOR W. SCOTT
>                                United States Attorney
>
>                                /s/ Anne Pings
>                                _____
>                                ANNE PINGS
>                                Assistant U.S. Attorney

```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  BENJAMIN B. WAGNER
    ANNE E. PINGS
 3  Assistant U.S. Attorneys
    501 "I" Street, Suite 10-100
 4  Sacramento, California 95814
    Telephone: (916) 554-2745
 5
 6
 7
 8                IN THE UNITED STATES DISTRICT COURT
 9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10
    UNITED STATES OF AMERICA,    )   2:06-CR-0343-DFL
11                               )
              Plaintiff,         )
12                               )
         v.                      )
13                               )   ORDER REGARDING CUSTODY
    PRASERT SOMSINSAWASDI,       )   OF PROPERTY SUBJECT TO
14  NOY SOMSINSAWASDI,           )   CRIMINAL FORFEITURE
    CHAO LEE, and                )
15  RONNIE AIR PHIMMACHANH,      )
                                 )
16            Defendants.        )
    _____)
17
```

18    This matter comes before the Court on the motion of the
19 United States for an Order authorizing the government and its
20 agencies to maintain custody of certain property pending the
21 conclusion of the pending criminal case. For the reasons
22 provided in the government's motion, the Court makes the
23 following orders:

24    IT IS HEREBY ORDERED, that the United States and its
25 agencies, including the FBI and/or the U.S. Marshals Service, are
26 authorized to maintain and preserve the following assets until
27 the conclusion of the instant criminal case, or pending further
28 Order of this Court:

-1-

a) Approximately $5,000.00 in U.S. currency seized at the residence of Chao Lee at 3833 Sparrowood Way, Sacramento, California;

b) The following U.S. Savings Bonds: (I) one $1,000 Series I bond with serial numbers 6028195 payable to Duke Somsinsawasdi or Noy Somsinsawsdi; (ii) six Series EE $1,000 bonds payable to Duke Somsinsawasdi or Prasert Somsinsawsdi, with serial numbers from 79963113 through 79963715, 80495805, 81135780 and 82564569 total face value of $6,000; and (iii) one $5,000 Series EE bond payable to Duke Somsinsawasdi or Prasert Somsinsawsdi, serial number 6295914, seized at the residence of Prasert and Noy Somsinsawasdi at 8452 Almanera Lane, Sacramento, California;

c) Approximately $1,183.00 in U.S. currency seized at the residence of Prasert and Noy Somsinsawasdi at 8452 Almanera Lane, Sacramento, California;

d) Approximately $636.00 in U.S. currency seized at the Air Video store at 565 Eleanor Avenue, Sacramento, California; and

e) Approximately $2,340.00 in U.S. currency.

**IT IS SO ORDERED.**

DATED:   02/05/2007                    /s/ David F. Levi
                                       DAVID F. LEVI
                                       United States District Judge