McGREGOR W. SCOTT
United States Attorney
BENJAMIN B. WAGNER
ANNE E. PINGS
COURTNEY J. LINN
Assistant U.S. Attorneys
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2745

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:06-CR-00343-DLJ |
| | ) | |
| Plaintiff, | ) | PRELIMINARY |
| | ) | ORDER OF FORFEITURE |
| v. | ) | |
| | ) | |
| PRASERT SOMSINSAWASDI, and | ) | |
| NOY SOMSINSAWASDI, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Upon the stipulation and application for preliminary order of forfeiture, the Court makes the following FINDINGS AND ORDERS:

1. As the result of the guilty plea of Prasert Somsinsawasdi to Count One of the Superseding Indictment which charges him with conducting an illegal gambling business in violation of 18 U.S.C. § 1955(a), and to Count Two of the Superseding Indictment which charges him with conspiracy to launder money in violation of 18 U.S.C. § 1956(h); and the guilty plea of Noy Somsinsawasdi to Count One of the Superseding Indictment, which charges her with conducting an illegal gambling business in violation of 18 U.S.C. § 1955(a), the defendants, and each of them, shall forfeit to the United States:

1

   a. Approximately $25,385 in U.S. currency seized at the residence of Prasert and Noy Somsinsawasdi at 8452 Almanera Lane, Sacramento, California, on August 16, 2006;

   b. Approximately $1,183.00 in U.S. currency seized at the residence of Prasert and Noy Somsinsawasdi at 8452 Almanera Lane, Sacramento, California, on August 16, 2006.

   c. Approximately $8,940 in U.S. currency seized from Bank of America bank box #B1307, located at a Bank of America branch at 5744 Stockton Blvd, Sacramento, California, on August 16, 2006, and controlled by Prasert and Noy Somsinsawasdi; and

   d. Approximately $115,932.00 which represents the net sale proceeds from the real property known as vacant land located at 8488 Waterwell Way, Tracy, California, APN: 248-440-24.

  2. The Court finds, based upon the stipulation and application for preliminary order of forfeiture, the guilty pleas and plea agreements of Prasert Somsinsawasdi and Noy Somsinsawasdi, and the Court's files and records in this action, that the above-listed property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) (as incorporated by 28 U.S.C. § 2461(c)) and 18 U.S.C. § 1955(d).

  3. The Court finds that the above-listed properties: (1) constitute or are derived from proceeds traceable to a violation of 18 U.S.C. § 1955(a) as charged in Count One of the Superseding Indictment; and (2) constitute property, including money, used in violation of 18 U.S.C. § 1955(a) as charged in Count One of the Superseding Indictment.

  4. As the result of the offenses of conviction set forth in paragraph one above, and based upon the plea agreement of Prasert Somsinsawasdi, the Court hereby enters a money judgment against defendant Prasert Somsinsawasdi in the amount of $200,000. Said

1  amount reflects the amounts involved in the violation of 18 U.S.C. §
2  1956(h) set forth in Count Two of the Superseding Indictment, to
3  which the defendant has pled guilty.  The specific assets forfeited
4  under paragraph 1.a-d should not set off against the money judgment.
5       5.   Not less than one week prior to sentencing, defendant
6  Prasert Somsinsawasdi shall pay the $200,000 money judgment to the
7  government.  Payment should be made by cashier's check(s) made
8  payable to the Department of Treasury and addressed to the U.S.
9  Attorney's Office, Att: Asset Forfeiture Unit, 501 I Street, Suite
10 10-100, Sacramento, CA 95814.  Prior to the imposition of sentence,
11 any funds delivered to the United States to satisfy the personal
12 money judgment shall be held and maintained by the Department of
13 Treasury in its secure custody and control.  At sentencing, and upon
14 the imposition of the forfeiture money judgment, such funds shall be
15 applied against the forfeiture money judgment and forfeited to the
16 United States to be disposed of as provided for by law.
17      6.   If defendant Prasert Somsinsawasdi has not paid the
18 $200,000 money judgment in full at least one week prior to
19 sentencing, the Department of Treasury shall be authorized to sell
20 the real property located at 8452 Almanera Lane, Sacramento,
21 California, APN: 115-1680-005-0000, in the most commercially
22 feasible manner, as soon as reasonably possible, for the maximum
23 price.  The United States shall receive through escrow the net
24 proceeds up to the balance owing on the $200,000 money judgment,
25 less payments for costs of selling the property, legitimate liens,
26 and taxes that exist on the above-listed real property.  Prasert
27 Somsinsawasdi and Noy Somsinsawasdi shall receive all remaining
28 amounts after payment of costs of sale, legitimate liens, taxes, and

repairs or costs incurred by the Department of Treasury. Prasert Somsinsawasdi and Noy Somsinsawasdi shall maintain the real property in the same condition and repair as existed as of August 25, 2006, normal wear and tear excepted, until Prasert Somsinsawasdi is directed by the Department of Treasury (or designee) to vacate the premises, and shall not sell, transfer or encumber the property pending sale.

7. If the net proceeds from the sale of real property located at 8452 Almanera Lane, Sacramento, California, APN: 115-1680-005-0000 do not satisfy the $200,000 forfeiture money judgment in full, the United States may pursue such post-judgment remedies as may be provided by law to collect on such money judgment.

8. Within forty-five (45) days from entry of a Final Order of Forfeiture forfeiting the above-listed properties, the U.S. Marshals Service shall return the following properties to defendants Noy Somsinsawsdi and Prasert Somsinsawsdi:

  a. The following U.S. Savings Bonds, Series EE, payable to Prasert Somsinsawasdi: (I) two $5,000 bonds, issued 11-19-04, with serial numbers 0006414346 and 0006414347, total face value of $10,000; and (ii) six $1,000 bonds, issued 11-19-04, with sequential serial numbers from 0080955127 through 0080955132, total face value of $6,000, seized at the residence of Prasert and Noy Somsinsawasdi at 8452 Almanera Lane, Sacramento, California, on August 16, 2006;

  b. The following U.S. Savings Bonds: (I) one $1,000 Series I bond with serial numbers 6028195 payable to Duke Somsinsawasdi or Noy Somsinsawsdi; (ii) six Series EE $1,000 bonds payable to Duke Somsinsawasdi or Prasert Somsinsawsdi, with serial numbers from 79963113 through 79963715, 80495805, 81135780 and 82564569 total face value of $6,000; and (iii) one $5,000 Series EE bond payable to Duke Somsinsawasdi or Prasert Somsinsawsdi, serial number 6295914, seized at the residence of Prasert and Noy Somsinsawasdi at 8452 Almanera Lane, Sacramento, California, on August 16, 2006; and

        c.    Approximately $2,340.00 in U.S. currency seized from the Thai Nakorn Restaurant at 1180 35th Avenue, Sacramento, California, on August 16, 2006.

The Government will also send a Notice of Withdrawal of Lis Pendens to be recorded with the County Recorder regarding the real property located at 3844 Clay Street, Sacramento, California, APN: 251-0072-001.

    9.    Pursuant to 28 U.S.C. § 2461(c) incorporating 21 U.S.C. § 853(n) and Local Rule 83-171, the United States forthwith shall publish at least once for three successive weeks in the <u>Daily Recorder</u> (Sacramento County), a newspaper of general circulation located in the county in which the above-described property was seized or in the county in which the above-described property is located, notice of this Order, notice of the Attorney General or Secretary of Treasury's intent to dispose of the property in such manner as the Attorney General or Secretary of Treasury may direct, and notice that any person, other than the defendants, having or claiming a legal interest in the above-listed property must file a petition with the Court within thirty (30) days of the final publication of the notice or of receipt of actual notice, whichever is earlier.

    10.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the property and any additional facts supporting the petitioner's claim and the relief sought.

    11.    The United States may also, to the extent practicable,

provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

12. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) (as incorporated by 28 U.S.C. § 2461(c)), 18 U.S.C. § 1955(d), Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 982(a)(1), in which all interests will be addressed.

13. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED this __8th__ day of __November__, 2007.

_____
D. LOWELL JENSEN
United States District Judge